## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| **GARY STAGGERS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   CASE NO. _____ |
| | ) |
| **SCHWARZE INDUSTRIES, INC.** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

COMES NOW, Plaintiff, Gary Staggers, and files his Complaint against Defendant, Schwarze Industries, Inc., and, in support thereof, shows as follows:

### INTRODUCTION

1. Defendant, Schwarze Industries, Inc. (hereinafter "Schwarze" or "Defendant"), recruited Plaintiff to work as Design Engineer II. Plaintiff accepted the job as an engineer and agreed to a salary. Defendant relocated Plaintiff from South Carolina to Alabama. After Plaintiff began work, Plaintiff's primary duty was not exempt work as a design engineer. Instead, the Plaintiff's primary duty was working more in a manual labor non-exempt job equivalent to an engineering technician. Defendant expected and required Plaintiff to work many more hours than forty (40) hours in a given workweek and paid him his salary only with no overtime compensation for hours worked over forty (40) in a given workweek.

## JURISDICTION AND VENUE

2. This action arises under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201-219 (1988), including 29 U.S.C. § 216(b) (the "FLSA.")

3. This Court maintains subject matter jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. § 1337.

4. Venue is proper in this Court as the unlawful employment practices alleged herein have been committed within the Northern District of Alabama.

## PARTIES

5. Gary Staggers is above the age of nineteen (19) and was, at all times relevant hereto, a resident of Madison County, Alabama, and a citizen of the United States of America. Gary Staggers, at all times relevant to this Complaint, was an employee who spent approximately 80-85% of his worktime as a non-exempt engineering technician, assembling, installing parts on, and repairing vehicles manufactured by the Defendant, and doing other non-exempt jobs. Gary Staggers did not, for more than 10-15% of his time working, function as a design engineer or have decision-making authority regarding other employees. As per the allegations *infra*, he has standing to prosecute this action.

6. Plaintiff brings this action to recover unpaid minimum wages, overtime compensation, liquidated damages, attorneys' fees, costs, and other relief under the provisions of the FLSA.

7. Defendant Schwarze is an "employer" engaged in commerce pursuant to the FLSA and 29 U.S.C. § 203(s)(1)(A)(i) and (ii), and, at all times material hereto, engaged in business within the meaning of the FLSA.

8. Defendant employed Plaintiff within the meaning of the FLSA, are engaged in interstate commerce, and have an annual gross volume of sales meeting or exceeding the jurisdictional requirements of the FLSA.

9. Defendant directly, and by and through its duly-authorized agents, participated in, and continue to participate in, payroll decisions involving the Plaintiffs and others similarly-situated, and intentionally, knowingly, and willfully failed and continue to fail to compensate Plaintiff in accordance with the minimum wage provisions of 29 U.S.C. § 206 and the overtime provisions of 29 U.S.C. § 207.

## FACTUAL AVERMENTS

10. Plaintiff Gary Staggers was employed by Defendant from April 11, 2016 through November 16, 2017.

11. Plaintiff was recruited by Defendant to work as a Design Engineer II. However, after Plaintiff began working for Defendant, Plaintiff's primary duty involved spending the majority of his time performing assembly and repair work on vehicles manufactured by the Defendant. He did little or no actual design/exempt engineering work.

12. During his employment with the Defendant, he was not a managerial

employee, performed assembly work and, for approximately 80-85% of his time, performed tasks that are non-exempt under the FLSA.  Plaintiff's primary duty was therefore nonexempt work under the FLSA.

13.     Defendant and Plaintiff regularly engage in interstate commerce.

14.     Plaintiff performed primarily non-exempt duties for Defendant and was and is subject to the provisions of the FLSA regarding the payment of overtime compensation and minimum wages.

15.     During the period from or around April 11, 2016 through November 16, 2017, Defendant, on numerous occasions, employed Plaintiff for hours worked in excess of forty (40) hours in a workweek and failed and refused to compensate him for such time worked in violation of the provisions of 29 U.S.C. §§ 206(a) and 207(a).

16.     Defendant was and is required by law to keep and retain possession of records showing the hours worked and wages paid to Plaintiff and others similarly-situated.

17.     Plaintiff repeatedly attempted to accurately report the hours he worked in a given workweek, but his accurate time reporting was rejected and changed to reflect forty (40) hours per week even though he worked in excess of forty (40) hours.  At all times Plaintiff was paid a "salary" regardless of the hours he actually worked in a week.

18. After the Plaintiff's employment ended on November 16, 2017, the Defendant did not pay the Plaintiff his final paycheck at all, claiming it was owed to the Defendant to compensate it for a "Relocation Agreement," which Plaintiff disputes.

19. Because the Defendant retained the Plaintiff's entire paycheck for his last two (2) weeks of work, he did not even receive minimum wage for the hours worked over forty (40) during those two (2) weeks.

20. Plaintiff also worked in excess of forty (40) hours during each of the last two weeks of employment. Because the Defendant withheld his entire paycheck, he did not receive overtime compensation for the hours he worked over forty (40) for his last two weeks of employment.

21. Defendant was and is aware of the provisions of the FLSA requiring wages to be paid to Plaintiff and employs other individuals as "engineering technicians" and pays them overtime compensation, but deliberately or in reckless disregard of the Act willfully failed to pay wages due and lawfully owed to the Plaintiff.

22. Defendant failed to act in good faith and had no reasonable grounds for believing that it was not violating the FLSA.

## CAUSE OF ACTION
### Count
### Violation of the Fair Labor Standards Act

23. Plaintiff reasserts the averments set forth in Paragraphs 1 through 22 hereof, as though fully set forth herein.

24. By the actions and omissions described herein, Defendant violated the FLSA as to Plaintiff.

WHEREFORE, Plaintiff prays that that this Court:

(a) Declare the conduct engaged in by the Defendant to be in violation of the Plaintiff's rights;

(b) Award Plaintiff compensatory damages for unpaid wages, liquidated damages, interest, and costs under the provisions of the FLSA;

(c) Award Plaintiff costs and attorneys' fees; and

(d) Grant such further, other and different relief, including equitable as this Court may deem just and proper.

Submitted this the 8th day of February, 2018.

s/ Teri Ryder Mastando
Teri Ryder Mastando (ASB-4507-E53T)
MASTANDO & ARTRIP, LLC
*Attorneys for Plaintiff*
301 Washington St., Suite 302
Huntsville, Alabama 35801
Phone:   (256) 532-2222
Fax:     (256) 513-7489
teri@mastandoartrip.com

**DEFENDANT TO BE SERVED VIA CERTIFIED MAIL**

Schwarze Industries, Inc.
C T CORPORATION SYSTEM
2 NORTH JACKSON ST., SUITE 605
MONTGOMERY, AL 36104

            s/ Teri Ryder Mastando
            Teri Ryder Mastando